IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

      Plaintiff,                        No. CIV S-04-2125 FCD GGH P

      vs.

RITA McINTYRE, et al.,

      Defendants.                FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff filed this action on October 8, 2004. This case was related to Andrews v. McIntyre, DDS ,Case No. 02-1331 FCD GGH P, by order filed on April 22, 2005. Because the court finds that this action should not proceed pursuant to 42 U.S.C. § 1983 as a separate action from Case No. 02-1331, the court will not at this time require a filing fee and will not evaluate plaintiff's in forma pauperis affidavit.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In Case No. 02-1331 FCD GGH P, plaintiff filed an action on June 18, 2002, pursuant to 42 U.S.C. § 1983 against the Chief Dental Officer of California State Prison - Solano (CSP-Solano). The gravamen of plaintiff's complaint was that he had been provided inadequate dental care at CSP-Solano. By order filed on September 9, 2004, defendant's cross-motion for summary judgment was granted and judgment was entered for defendant.

\\\\\

1   In the present filing, plaintiff claims to bring as "an independent action" a claim of
2   perjury against the defendant in Case No. 02-1331, as well as against additional parties, because
3   plaintiff has subsequently allegedly discovered that defendant therein, along with two other CSP-
4   Solano dentists, committed perjury in the declarations submitted upon which this court relied in
5   granting defendant summary judgment. Plaintiff claims that on September 26, 2004, he sought
6   dental care when his tooth # 13 broke and that when the dentist x-rayed that tooth, he discovered
7   that the tooth was not diseased. Form Complaint, p. 2. Plaintiff in the instant action names, in
8   addition to McIntyre, Susanna Kurk and Glenn Cheung, CSP-Solano dentists, as defendants
9   because they, along with defendant McIntyre, submitted false declarations in Case No. 02-1331.
10  Form Complaint, p. 3. Plaintiff alleges that in his prior case these parties

> lied and stated that tooth # 13 was diseased to the bone and had to be extracted. The new x-ray shows that there is no disease to the bone and Glenn Cheung stated to me that there must have been some error. He indicated that the counsel prepared the declarations and he then signed what had been prepared. The declarations of Susanna Kurk and Rita McIntyre stated that they had inspected the tooth and that it was so severely damaged that they could perform only extraction.

16  Form Complaint, p. 3.

17  Plaintiff believes that the court based its grant of summary judgment for defendant
18  on the purportedly false representations by defendant McIntryre and the other dentist declarants.
19  Plaintiff avers that the defendants named herein "lied in order to extract the healthy tooth from
20  petitioner's head instead of treating the tooth." Id. He alleges that defendants in the instant
21  action "denied my civil rights and conspired to deny my civil rights by obstructing justice by
22  perjuring themselves before this court." Id.

23  Plaintiff specifically states that he seeks relief from judgment in Case No. 02-
24  1331. Id. The appropriate vehicle through which plaintiff might most appropriately pursue such
25  \\\\\
26  \\\\\

3

relief is via a motion pursuant to Fed. R. Civ. P. Rule 60(b).[1]  In other words, plaintiff should seek to re-open the earlier case and not seek relief from the judgment in one case by way of a new or "independent" action.  According to this court's docket for that case, plaintiff filed a notice of appeal of Case No. 02-1331 on September 20, 2004 and the appeal is pending.  While during the pendency of an appeal, this court may be without jurisdiction to hear a Rule 60(b) motion, Nevitt v. U.S., 886 F.2d 1187, 1188 (9th Cir. 1989),[2] plaintiff has not stated a separate claim under 42 U.S.C. § 1983 when he alleges that defendants lied under oath in another civil rights action and the relief he seeks in the present action is relief from judgment rendered in the prior action.  Briscoe v. LaHue, 460 U.S. 325, 330-31, 103 S. Ct. 1108, 1113-14 (1983).

To the extent that he intends to bring an action pursuant to 42 U.S.C. § 1985, "a plaintiff must demonstrate a deprivation of a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action....[and] must be a member of the class discriminated against."  RK Ventures, Inc., v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002).  Plaintiff has not set forth an alleged racial or otherwise invidiously discriminatory class-based animus by the alleged conspirators he has named.[3]

---

[1] "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:....(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party...." Fed. R. Civ. P. 60(b)(2), 60(b)(3).

[2] Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir.1983) ("[t]he effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal" (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982)) (per curiam) ("[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. [Citations omitted.])."

[3] Moreover, plaintiff claims herein that he had to have dental care on September 26, 2004 because tooth # 13 broke, a tooth that he claims was actually healthy, or at least one that was not diseased in the manner that defendants have apparently claimed in a prior action.  On the face of it, a tooth that breaks would not appear to be healthy.

1     Plaintiff may choose to pursue relief from judgment in Case No. 02-1331 FCD GGH P, as set forth above; as to this purported independent action, the court must recommend dismissal.

    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/3/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
andr2125.b